**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| The Kessler Enterprise, Inc., <br><br> Plaintiff, <br><br> v. <br><br> The Bohemian IC, LLC, and Angela Harrington, <br><br> Defendants. | Case No. 4:20-cv-230 |

**VERIFIED COMPLAINT**

Plaintiff The Kessler Enterprise, Inc. ("Kessler"), files this Complaint against Defendant The Bohemian IC, LLC and Defendant Angela Harrington (collectively, "Defendants") and alleges and shows the Court as follows:

**NATURE OF THE ACTION**

1. This is an action for damages and injunctive relief against Defendants for trademark infringement, unfair competition, and other wrongful acts in violation of federal and Iowa laws.

2. Defendants' use of "The Bohemian Hotel" as a trademark and trade name in connection with the advertising, promotion, offering, provision and sale of hotel and hospitality services is likely to cause confusion, mistake and to deceive as to affiliation, connection and association with Kessler and its registered and common law trademarks GRAND BOHEMIAN, BOHEMIAN HOTEL CELEBRATION, BOHEMIAN HOTEL SAVANNAH RIVERFRONT, and GRAND BOHEMIAN HOTEL ASHVILLE, that are and have been used with Kessler's hotel, hospitality and restaurant services throughout the United States. Defendants' use of "The Bohemian Hotel" is in violation of the U.S. Trademark Act of 1946, as amended (the "Lanham Act") (15 U.S.C. §§ 1051 et seq.); and federal and Iowa common law.

1

## PARTIES

3. Plaintiff Kessler is a Georgia corporation having its headquarters at 4901 Vineland Road, Suite 650 Orlando, Florida 32811. Kessler is a well-known and leading global hospitality brand with numerous hotel and restaurant properties across the nation. Kessler has marketed and sold such services using the trademarks GRAND BOHEMIAN, BOHEMIAN HOTEL CELEBRATION, GRAND BOHEMIAN HOTEL ASHEVILLE, and BOHEMIAN HOTEL SAVANNAH RIVERFRONT since at least as early as June 1998, May 2010, April 2009, and July 2009, respectively.

4. Defendant The Bohemian IC, LLC is an Iowa limited liability company with its home office address located at 102 East Street, Grinnell, Iowa, 50112 and its registered agent located at 425 E. Oakdale Blvd., Suite 210, Coralville, Iowa. Defendant owns and operates a hotel using the name "The Bohemian Hotel" located at 2525 Highlander Place, Iowa City, Iowa.

5. Defendant Angela Harrington is an individual residing in this judicial district. On information and belief, she is the owner and principal of Defendant The Bohemian IC, LLC and the developer of the hotel described above.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the laws of the United States, including 35 U.S.C. § 271 et seq., 17 U.S.C. § 101 et seq.; 15 U.S.C. § 1125(a); and federal common law.

7. Furthermore, this is a civil action between citizens of different states and the value of the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000), and jurisdiction is therefore proper in accordance with 28 U.S.C. § 1332.

8. Jurisdiction for the Iowa state common law claims is proper in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over the Defendants and venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendant The Bohemian IC, LLC is an Iowa limited liability company and resides in this judicial district and because Defendant Angela Harrington

resides in this judicial district.

## KESSLER'S BUSINESS AND TRADEMARKS

10. Kessler was founded in August 1984. Kessler has established a strong reputation and significant goodwill with consumers, customers and the trade as a high-end hospitality brand offering hotel and restaurant services.

11. Kessler promotes, advertises, markets, offers and sells hotel, hospitality and restaurant services under its GRAND BOHEMIAN and BOHEMIAN HOTEL brands, as well as under other brands, throughout the United States. Examples of Kessler's services are attached as Exhibit A.

12. Kessler owns and/or manages hotels in numerous states across the country, including Georgia, Florida, Alabama, South Carolina, North Carolina, Colorado, and Minnesota.

13. In June 1998, Kessler introduced the exclusive and high-end brand and trademark, GRAND BOHEMIAN to consumers and the marketplace through advertising and marketing and offering hotel, hospitality and restaurant services under that brand and mark.

14. In May 2010, Kessler also began advertising, marketing and offering hotel, hospitality and restaurant services under the brand and mark BOHEMIAN HOTEL CELEBRATION.

15. In April 2009, Kessler also began advertising, marketing and offering hotel, hospitality and restaurant services under the brand and mark GRAND BOHEMIAN HOTEL ASHVILLE.

16. In July 2009, Kessler also began advertising, marketing and offering hotel, hospitality and restaurant services under the brand and mark BOHEMIAN HOTEL SAVANNAH RIVERFRONT.

17. Kessler has used GRAND BOHEMIAN and BOHEMIAN HOTEL formative trademarks as identifiers of source since at least as early as June 1998 and May 2010, respectfully, in the United States.

18. Kessler owns common law rights in the trademarks GRAND BOHEMIAN,

BOHEMIAN HOTEL CELEBRATION, GRAND BOHEMIAN HOTEL ASHEVILLE, and BOHEMIAN HOTEL SAVANNAH RIVERFRONT, which rights are superior to any alleged rights of Defendants.

19. In addition to common law rights in its trademarks GRAND BOHEMIAN, BOHEMIAN HOTEL CELEBRATION, GRAND BOHEMIAN HOTEL ASHEVILLE, and BOHEMIAN HOTEL SAVANNAH RIVERFRONT, Kessler is the owner of U.S. Reg. Nos. 2,324,739; 3,962,938; 3,706,762; 3,699,745 issued by the United States Patent and Trademark Office (the "PTO") for GRAND BOHEMIAN, BOHEMIAN HOTEL CELEBRATION, GRAND BOHEMIAN HOTEL ASHEVILLE, BOHEMIAN HOTEL SAVANNAH RIVERFRONT, respectfully. A true and correct copy of each trademark registration is attached as Exhibit B.

20. U.S. Reg. Nos. 2,324,739; 3,962,938; 3,706,762; 3,699,745 are valid and subsisting on the PTO's Principal Register, and are unrevoked, uncancelled and incontestable.

21. Kessler's common law rights to the GRAND BOHEMIAN, BOHEMIAN HOTEL CELEBRATION, GRAND BOHEMIAN HOTEL ASHEVILLE, BOHEMIAN HOTEL SAVANNAH RIVERFRONT trademarks, together with U.S. Reg. Nos. 2,324,739; 3,962,938; 3,706,762; 3,699,745, are collectively referred to herein as the "BOHEMIAN Marks".

22. Kessler has developed and used distinctive stylization to identify and distinguish its BOHEMIAN Marks, including distinctive color schemes with black backgrounds with "Grand Bohemian Hotel" and/or "Bohemian Hotel" in capital white letters, in a specific font, and with "Grand Bohemian Hotel" and "Bohemian Hotel" being larger than other terms in the mark ("Stylization"). Examples of the Stylization are shown in Exhibit C.

23. The BOHEMIAN Marks and associated services have been used, promoted, advertised, marketed, offered and sold by Kessler to consumers throughout the United States online, through travel websites such as www.tripadvisor.com , www.americanexpress.com, www.hotels.com, www.booking.com, www.expedia.com, www.travelocity.com, www.priceline.com and others.

24. The BOHEMIAN Marks, Stylization and associated services also have been used,

promoted, advertised, marketed, offered and sold by Kessler to consumers and other customers throughout the United States through (1) Kessler's and its management company Kessler Collection Management, LLC's ("KCM") website www.kesslercollection.com, (2) Kessler's franchisor, Marriott International's website www.marriott.com, (3) the website of Xenia www.xeniareit.com for whom KCM manages GRAND BOHEMIAN Orlando, BOHEMIAN Charleston, and GRAND BOHEMIAN Mountain Brook, (4) their respective social media accounts and pages including on Facebook and Instagram, (5) online advertising, and (6) online and print magazines and brochures.

25. Kessler's hotel guests come to Kessler hotels, including those branded with the BOHEMIAN Marks, from across the country, including from Iowa.

26. Kessler is the exclusive owner of the BOHEMIAN Marks and Stylization and the rights and goodwill represented and symbolized thereby.

27. Kessler has the right to exclude use of confusingly similar marks and names for hotel, hospitality and restaurant services, including Defendants' use of "Bohemian" and "The Bohemian Hotel".

28. The BOHEMIAN Marks and Stylization serve as identifiers of the source of Kessler's services and the substantial goodwill associated with such services.

29. Kessler has invested substantial money and other resources in promoting and using the BOHEMIAN Marks and Stylization.

30. The BOHEMIAN Marks and Stylization are inherently distinctive source identifiers and symbols of significant goodwill among U.S. consumers, other customers and the trade belonging exclusively to Kessler. As a result of both their inherent distinctiveness and the duration of the offering of services under the BOHEMIAN Marks and Stylization, U.S. consumers, customers and members of the trade, including those located in this judicial district and in Georgia, Florida, Alabama, South Carolina, North Carolina, Colorado, and Minnesota, associate the BOHEMIAN Marks and Stylization with Kessler and its high quality hotel, hospitality and restaurant services.

31. The BOHEMIAN Marks and Stylization and associated services are promoted, advertised, marketed, distributed and sold to a significant number of U.S. and global consumers, customers and members of the trade each year throughout the nation and the world, including within this judicial district, Georgia, Florida, Alabama, South Carolina, North Carolina, Colorado, and Minnesota.

32. Kessler and its hotel, hospitality and restaurant services using the BOHEMIAN Marks and Stylization have a significant relationship as a franchisee of Marriott International. Since 2010, Kessler and its hotels using the BOHEMIAN Marks and Stylization have been founding members of Marriott's "Autograph Collection®", which is Marriott International's collection of high-end boutique hotels. As part of Marriott International's Autograph Collection®, Kessler's hotels bearing the BOHEMIAN Marks and Stylization are (1) promoted and distributed across the United States and globally on Marriott International's primary website www.marriott.com and its online and dial-in central reservation system; and (2) are part of the Marriott rewards program (Marriott Bonvoy ™ Benefits) in which guests may use points for stays at Kessler's hotels branded with the BOHEMIAN Marks and Stylization and may earn Marriott points when staying at such Kessler hotels.

33. Kessler's hotels branded with and using the BOHEMIAN Marks and Stylization have received numerous awards and recognition, including from TripAdvisor, Fodor's Travel, AAA, Forbes, U.S. News and World Report, and Marriott International.

**DEFENDANTS' UNLAWFUL CONDUCT**

34. Defendants opened a hotel located at 2525 Highlander Place in Iowa City using and bearing the infringing name and mark "The Bohemian Hotel" ("Infringing Mark") on or about July 3, 2020. On information and belief, Defendants began using the Infringing Mark in advertising, marketing and promotions, and began selling such hotel services ("Infringing Services"), shortly before such opening. Examples of the Infringing Mark used by Defendants are shown in Exhibit D.

35. Previous names and brands used for that hotel prior to use of the Infringing Mark

included "Highlander" and "Clarion".

36. Defendants promote, advertise, market, distribute, offer, and sell its Infringing Services, which include the Infringing Mark, nationwide at least through Defendants' interactive website https://www.thebohemianhotel.com/; Defendants' Facebook account accessible at https://www.facebook.com/TheBohemianHotel/; Defendants' Instagram account accessible at https://www.instagram.com/thebohemianhotel/; and through online advertising.

37. Defendants have been using the Infringing Mark to promote, advertise, market, distribute, offer and sell its Infringing Services.

38. Infringing Services are promoted, advertised, marketed, distributed, offered, and sold with the Infringing Mark by Defendants through the same channels of trade, and are marketed and targeted for sale and sold to the same U.S. consumers, customers and members of the trade as those services of Kessler using the BOHEMIAN Marks and Stylization.

39. The Infringing Mark and associated services have been promoted, advertised, marketed, offered and sold to consumers throughout the United States online, through travel websites such as www.getaroom.com, www.tripadvisor.com, www.hotels.com, www.expedia.com, www.travelocity.com, www.priceline.com and others. Examples are shown in Exhibit E.

40. The Infringing Mark and associated services are displayed with Kessler's BOHEMIAN Marks when a consumer conducts a search for "bohemian hotel" on third party travel websites. An example of such display is shown in Exhibit F.

41. Upon information and belief, Defendants' customers are likely to come from all over the country to utilize the Infringing Services.

42. Defendants were aware of the BOHEMIAN Marks and the services provided by Kessler before Defendants' hotel branded with the Infringing Mark was opened to the public.

43. On information and belief, the Infringing Mark was selected and designed by Defendants, and continue to be used by Defendants, to misappropriate and capitalize on the substantial goodwill and brand recognition associated with Kessler's BOHEMIAN Marks,

Stylization and associated services, and to create a false impression in the mind of consumers, customers and member of the trade that the Infringing Services are Kessler's services or have a common source, origin, sponsorship, affiliation or association with Kessler or genuine Kessler services.

44. The Infringing Mark is confusingly similar to the BOHEMIAN Marks.

45. The Infringing Mark is used by Defendants with stylization that is confusingly similar to the Stylization used with the BOHEMIAN Marks by Kessler.

46. Defendants' use of the Infringing Mark and infringing stylization creates a likelihood of confusion in the minds of consumers, customers and members of the trade.

47. Defendants' use of the Infringing Mark and Stylization infringes Kessler's rights in the BOHEMIAN Marks.

48. Defendants' use of the Infringing Mark and Stylization is an unlawful attempt to pass off the Infringing Services as those of or affiliated with Kessler and its hotels.

49. Defendants' use of the Infringing Mark and infringing stylization constitutes unfair competition and with Kessler and Kessler's services, inducement of same and contributory liability for same.

50. Such conduct on the part of Defendants has been and continues to be willful and intentional.

51. Such conduct on the part of the Defendants constitutes predatory and bad faith efforts to trade unfairly on Kessler's goodwill embodied in its BOHEMIAN Marks and Stylization and to violate Kessler's rights therein.

52. Defendant Angela Harrington has willfully and intentionally directed and controlled the infringing and other wrongful conduct alleged herein and is liable for contributory trademark infringement and unfair competition and inducement of trademark infringement and unfair competition.

53. Kessler contacted Defendants on July 2, 2020, prior to Defendants' opening the hotel and providing the Infringing Services, to alert them of their infringing conduct and demand

that Defendants cease and desist from all use of the Infringing Mark. Kessler received no response.

54. On July 9, 2020, Kessler contacted Defendants again, via Federal Express delivery to Defendants' home office address and by email to Defendant Angela Harrington. On July 9, 2020, approximately five days after Kessler first contacted Defendant and six days after Defendants opened their hotel, Defendant Harrington finally communicated with Kessler, but offered no substantive response to Kessler's demands and claims.

55. On July 14, 2020, Kessler received a communication from counsel for Defendant The Bohemian IC, LLC. Ignoring the urgency of Defendants' wrongful conduct, Defendant's counsel provided no substantive response to Kessler's demands and claims, stating only that Defendant The Bohemian IC, LLC would respond "in due course."

56. Given the urgency of this matter, on July 15, 2020, Kessler communicated to Defendant's counsel that an immediate response was necessary.

57. However, Defendants still have not provided any substantive response to Kessler's demands and claims, and continue to willfully infringe Kessler's BOHEMIAN Marks and Stylization and engage in unfair competition and other unlawful conduct.

58. Kessler's services that use the BOHEMIAN Marks and Stylization are of a substantially higher quality than Defendant's Infringing Services.

59. Kessler's services are consistently rated higher than Defendants' hotel services by consumers on third party travel websites. Additionally, Kessler's hotel services are offered at a more exclusive price than Defendants' services. Examples of such ratings and pricing are shown in Exhibit G.

60. Defendants uses of the Infringing Mark have damaged and diminished the goodwill and reputation of Kessler, Kessler's services, and the BOHEMIAN Marks and Stylization.

61. Kessler has suffered, and will continue to suffer, substantial damages as a result of Defendants' uses of the Infringing Mark and other unlawful conduct.

62. Kessler has no adequate remedy at law for the infringing and other wrongful conduct by Defendants described above, and Kessler will suffer irreparable harm in the absence

of the relief sought herein.

63.     Kessler's rights in its BOHEMIAN Marks and Stylization are superior to any rights of Defendants, if any, in the Infringing Mark.

## FIRST CAUSE OF ACTION
### Federal Trademark Infringement
### (15 U.S.C. § 1114(1))

64.     Kessler incorporates the preceding paragraphs as though fully set forth herein.

65.     The actions of Defendants as described herein constitute infringement, contributory infringement and inducement of infringement of the BOHEMIAN Marks and Stylization in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

66.     Defendants' acts of infringement, contributory infringement, inducement of infringement and other wrongful acts have caused Kessler to suffer damages in an amount to be proved at trial.

67.     Kessler seeks judgment pursuant to 15 U.S.C. § 1117 for Defendants' profits made in connection with its unauthorized and infringing use of BOHEMIAN Marks and Stylization, for all other damages sustained by Kessler, including without limitation Kessler's lost sales and for diminution of Kessler goodwill and the value of the BOHEMIAN Marks and Stylization, for corrective advertising and all other costs necessary to remediate the infringing use and its effects, and for the costs, expenses and reasonable attorneys' fees incurred in connection with bringing and litigating this action.

68.     Kessler seeks judgment for three times the amount of damages awarded, due to the willful and intentional nature of Defendants' conduct, and such other compensation and relief as the Court deems just and proper.

69.     Kessler is entitled to, among other things, an order temporarily, preliminarily and permanently enjoining and restraining Defendants from using, promoting, advertising, marketing, offering, distributing or selling hotel, hospitality, restaurant or related services under or with the mark, name or term "Bohemian", or any variation thereof, or otherwise infringing the

BOHEMIAN Marks and Stylization.

## SECOND CAUSE OF ACTION
### Unfair Competition and False Designation of Origin in Violation of Federal Law
### (15 U.S.C. § 1125(a))

70. Kessler incorporates the preceding paragraphs as though fully set forth herein.

71. Kessler owns and enjoys trademark rights in its BOHEMIAN Marks and Stylization. Kessler's rights under such mark and registrations are superior to any rights of Defendants.

72. Defendants' infringing uses of the BOHEMIAN Marks and Stylization as described above constitute a false designation of origin, passing off, misappropriation, palming off and/or a misleading description or representation of fact that is likely to cause mistake, confusion and/or deception as to origin, sponsorship, authorization, creation or approval of Defendant The Bohemian IC, LLC's services, and constitute inducement of same and contributory liability for same, in violation of 15 U.S.C. § 1125(a).

73. As a result of Defendants' acts, Kessler has suffered damages and other harm, in an amount to be proved at trial.

74. Kessler seeks judgment for Defendants' profits made in connection with Defendants' unauthorized and infringing use of the BOHEMIAN Marks and Stylization, for all other damages sustained by Kessler, including without limitation Kessler's lost sales and for diminution of Kessler goodwill and the value of the BOHEMIAN Marks and Stylization, for corrective advertising and all other costs necessary to remediate the false designation of origin, passing off, misappropriation, palming off and/or misleading description or representation of fact, and for the costs, expenses and reasonable attorneys' fees incurred in bringing and litigating this action.

75. Kessler seeks judgment for three times the amount of damages awarded, due to the willful and intentional nature of Defendants' conduct, and such other compensation and relief as the Court deems just and proper.

76. Kessler is entitled to, among other things, an order temporarily, preliminarily and permanently enjoining and restraining Defendants from using, promoting, advertising, marketing, offering, distributing or selling hotel, hospitality, restaurant or related services under or with the mark, name or term "Bohemian", or any variation or stylization thereof, or otherwise unfairly competing with Kessler.

## THIRD CAUSE OF ACTION
### Common Law Trademark Infringement and Unfair Competition

77. Kessler incorporates the preceding paragraphs as though fully set forth herein.

78. As set forth above, the BOHEMIAN Marks and Stylization are inherently distinctive and have developed strong marketplace recognition among relevant consumers, customers, and members of the trade.

79. The BOHEMIAN Marks and Stylization additionally have developed a secondary meaning indicative of origin, relationship, sponsorship, or association with Kessler.

80. Defendants' uses, contributory uses and inducement of uses of the substantially similar and infringing marks "The Bohemian Hotel" and infringing stylization are likely to cause confusion, to cause mistake, or to deceive among purchasers and potential purchasers as to the origin or sponsorship of Defendants' services.

81. Defendants' unlawful activities constitute trademark infringement and unfair competition, inducement of same and contributory liability for same, as proscribed by federal and Iowa common law, and unjustly divert from Kessler to Defendants the benefits arising from BOHEMIAN Marks and Stylization.

82. Defendants' continuing actions of common law trademark infringement and unfair competition and inducement of same are causing and are likely to cause substantial and irreparable injury to Kessler, and have damaged and are likely to damage Kessler's sales, profits, goodwill and reputation. Kessler is entitled to an award of all of its damages in an amount to be proved at trial.

83. As a direct and proximate result of the foregoing, Kessler has been and is likely to

continue to be irreparably damaged unless Defendants are enjoined and restrained by this Court, as there is no adequate remedy at law.

84. Defendants' conduct has greatly and irreparably damaged Kessler and will continue to do so unless enjoined and restrained by this Court. Kessler is without an adequate remedy at law and thus is entitled to, among other things, an order temporarily, preliminarily and permanently enjoining and restraining Defendants from using, promoting, advertising, marketing, distributing, offering and selling hotel services under the infringing term or name BOHEMIAN, or any variation or stylization thereof, and for all of its damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Kessler prays for the following relief and for judgment against Defendants and in favor of Kessler as follows:

1. That Defendants, and their officers, agents, servants, partners, affiliates, subsidiaries, employees, attorneys and all others acting in concert or participation with them, or any of them, be temporarily and preliminarily enjoined during the pendency of this action and permanently enjoined thereafter, as specifically requested above;

2. That the Court award Kessler the damages, costs, and expenses requested above, in amounts to be proved at trial;

3. That this Court award Kessler triple the amount of the damages awarded;

4. That the Court order Defendants to file with the Court and serve upon Kessler's counsel within fifteen (15) days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the injunction and order embodied in such Judgment;

5. That the Court award prejudgment interest as authorized by law;

6. That the Court award Kessler its costs incurred in this action, together with reasonable attorneys' fees and expenses of litigation, pursuant to 15 U.S.C. § 1117, on the ground that this is an exceptional case, or any other applicable law.

7. That the Court grant Kessler any other remedy to which it may be entitled; and

8. That the Court grant such other and further relief as it shall deem just and proper.

## DEMAND FOR JURY

A trial by jury is hereby demanded for all issues so triable.

Dated: July 23, 2020                                  Respectfully submitted,

/s/ *Michael A. Dee*
Michael A. Dee, AT0002043
BROWN, WINICK, GRAVES, GROSS
AND BASKERVILLE, PLC
666 Grand Avenue, Suite 2000
Des Moines, Iowa 50309-2510
Telephone: 515-242-2475
Facsimile: 515-323-8575
E-mail: michael.dee@brownwinick.com


/s/ *William M. Ragland, Jr.*
William M. Ragland, Jr. *(pro hac vice application to be submitted)*
Georgia State Bar No. 591888

**Womble Bond Dickinson (US) LLP**
271 17th Street NW, Suite 2400
Atlanta, GA 30363
Telephone: 404-888-7466
E-mail: Bill.Ragland@wbd-us.com

Attorneys for Plaintiff The Kessler Enterprise, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| The Kessler Enterprise, Inc., <br><br> Plaintiff, <br><br> v. <br><br> The Bohemian IC, LLC, and Angela Harrington, <br><br> Defendants. | Case No: |

## VERIFICATION

**Fravy Collazo,** being first duly sworn upon oath, states as follows:

1. I am the Chief Financial Officer of The Kessler Enterprise, Inc. and Kessler Collection Management, LLC, the management company of The Kessler Enterprise, Inc., and I am personally familiar with the facts contained in and the documents attached to Plaintiff's Verified Complaint. I have read the Verified Complaint and attached exhibits, and I am familiar with the contents thereof. The matters stated in the Verified Complaint are true to the best of Plaintiff's knowledge, except such matter as are stated to be upon information and belief, and as to those matters, Plaintiff believes them to be true.

2. The exhibits attached to Plaintiff's Verified Complaint are true and correct copies of the original.

Dated: July 22, 2020

The Kessler Enterprise, Inc.

_____
Fravy Collazo
Chief Financial Officer